## City of Philadelphia v. Elgart

*George J. Ivins*, for plaintiff.

*Joseph P. Breslin*, for defendants.

BARBIERI, J., June 13, 1968.—The City of Philadelphia, plaintiff in these cases instituted under the authority of the Philadelphia Code, seeks equitable relief and an injunction ordering compliance by defendants with the code in eliminating plumbing, rubbish and other conditions on certain Philadelphia real estate premises operated by defendants as landlords.

Defendants have answered, adding "new matter" as follows:

"15. Defendants assert that the actions of the agencies of the City of Philadelphia constitute and constituted a violation of the defendant's right under the fourth Amendment to the Constitution of the United States".

Before this court at this time is the sole question of whether plaintiff's applications for relief must fail preliminarily because the inspections upon which the applications for relief are based were made upon defendants' premises without the benefit of search and seizure warrants issued with formality comparable with what is normally required under the Fourth Amendment of the Constitution of the United States.

Testimony by one of the City's examiners provides evidence, which is not contradicted, as to the circumstances of an inspection made upon premises No. 1619 Summer Street, Philadelphia. It is conceded by the

city that there was no warrant issued for the search and the inspection which was made, but the City relies upon the fact that permission to make the inspection was granted to its inspector. Indeed, the inspector's testimony is that when he showed his credentials and announced the purpose for his visit, he was admitted forthwith and without question.

Defendants argue that because the United States Supreme Court overruled the case of Frank v. Maryland, 359 U. S. 360, 3 L. ed. 2d 877, 79 S. Ct. 804—1959, in Camara v. Municipal Court of the City and County of San Francisco, 387 U. S. 523, 18 L. ed. 2d 930, 87 S. Ct. 1727—1967, it is no longer permissible to conduct a search and seizure, or inspection, for municipal administrative purposes upon private areas of real estate premises without a search and seizure warrant such as is generally required in criminal law enforcement procedures.

In the Frank case, Mr. Justice Frankfurter stated:

"Time and experience have forcefully taught that the power to inspect dwelling places, either as a matter of systematic area-by-area search or, as here, to treat a specific problem, is of indispensable importance to the maintenance of community health; a power that would be greatly hobbled by the blanket requirement of the safeguards necessary for a search of evidence of criminal acts. The need for preventive action is great, and city after city has seen this need and granted the power of inspection to its health officials; and these inspections are apparently welcomed by all but an insignificant few".

The provisions of the Philadelphia Code under which the City is proceeding in this case are those having to do with inspections and enforcement: Title 1-103 (1) (g) ; Title 4-3001 (1), 3006 (2) (a) (b) ; Title 5-101 (13), 4102 (2) ; Title 7-301 (2) (3), 307 (1), 503 (1) (2).

In effect, the provisions of the code which are invoked by the City herein authorize the Department of Licenses and Inspections to make inspections, and authorize representatives of the department "at all reasonable times [to] enter any building premises for the purpose of making any inspection or investigation which, under the provisions of this Title, either Department deems necessary to be made, and every owner, operator or occupant shall give both departments free access to it". The act provides for the implementation of sanitation standards, and authorizes inspections "on weekdays between 9 A. M. and 5 P. M. upon display of proper identification to determine compliance with this Title . . .". It provides that "every occupant of a dwelling, dwelling unit or a rooming unit shall grant to the owner or operator thereof or his agent or employe or any person with whom the Department has contracted . . . free access to it at all reasonable times for the purpose of making repairs or alterations to effect compliance with this Title and with any notice or order issued under it". In order to implement the inspections and enforce remedies, it is provided in Title 4-3006 that the City may:

"(b) apply, with the approval of the Law Department, to a Court of Common Pleas or the County Court of Philadelphia for appropriate relief, at law or in equity".

While it is true that the decision in Frank was overruled in Camara, not every kind of search by a municipal agent is outlawed by Camara. Consensual searches, like those in this case, are still perfectly proper. Indeed, Mr. Justice White writes in Camara:

"Since our holding emphasizes the controlling standard of reasonableness, nothing we say today is intended to foreclose prompt inspections, even without a warrant, that the law has traditionally upheld in emergency situations . . . [Citing cases] . . . *More-*

*over, most citizens allow inspections of their property without a warrant.* Thus, as a practical matter and in light of the Fourth Amendment's requirement that a warrant specify the property to be searched, it seems likely that *warrants should normally be sought only after entry is refused* unless there has been a citizen complaint or there is other satisfactory reason for securing immediate entry. Similarly, the requirement of a warrant procedure does not suggest any change in what seems to be the prevailing local policy, in most situations, of authorizing entry, but not entry by force, to inspect". (Italics supplied.)

Defendants also cite the case of See v. City of Seattle, 387 U. S. 541, 18 L. ed. 2d 943, 87 S. Ct. 1737 (1967). Camara had to do with a personal residence and See had to do with a commercial warehouse. The See case simply applies to a commercial premises the rule announced in Camara, and the legality of consensual searches, reaffirmed in Camara, is not affected thereby. Indeed, Mr. Justice White states in See:

"We therefore conclude that administrative entry, *without consent,* upon the portions of commercial premises which are not open to the public may only be compelled through prosecution or physical force within the framework of a warrant procedure". (Italics supplied.)

Accordingly, since the searches in the cases before this court were carried out with the consent of the owners and occupants, they do not offend against the fourth amendment. It follows that injunctive relief may not be denied to the City when based upon such inspections.

ORDER

And now, June 13, 1968, it is ordered that this case be put down for hearing on the merits as to whether or not the injunctive relief requested should be granted.